IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

Nicholas Peterson                                    *
353 Loreley Road
White Marsh, Maryland 21162                          *


Jena B. Danson                                       *
2034 Harman Avenue
Baltimore, Maryland 21230                            *


    *On behalf of themselves and*                 *
    *Others similarly situated*
                                   *

    Plaintiffs                                    *

v.                                                   Case No. _____
                                                     *  JURY TRIAL REQUESTED
M.J.J., Inc. (t/a The Suburban House")
1700 Reisterstown Road, Ste. 105                     *
Baltimore, Maryland 21208
                                                     *
Mark Horowitz
7901 Crisford Place                                  *
Baltimore, Maryland 21208
                                                     *


    Defendants                                    *
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Nicholas Peterson and Jena B. Danson, by and through their undersigned counsel, state a collective action complaint against Defendant M.J.J., Inc. (t/a "The Suburban House" or "The Suburban House Deli") and Mr. Mark Horowitz, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

## Introduction

1.      This is a civil action for unpaid wages, damages, and relief provided by the FLSA, 29

U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., Lab. & Empl. 3-401 *et seq.*, and the MWPCL,

Md. Code Ann., Lab. & Empl. 3-501 *et seq.*

2.      Plaintiffs seeks on behalf of themselves and others similarly situated, in addition to the

actual sums owed, liquidated and statutory damages pursuant to the FLSA, MWHL, and

MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and

MWCPL.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29

U.S.C. § 207, and 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant

to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part

of the same case or controversy.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within

this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6.      Defendant M.J.J., Inc., a limited liability corporation formed in the State of Maryland,

owns and operates The Suburban House Deli in Pikesville, Maryland.

7.      At all times material herein, M.J.J., Inc. had an annual gross volume of sales made or

business done in an amount exceeding $500,000.00.

8.      Defendant, M.J.J., Inc. employs at least two or more employees who are engaged in

commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or

materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendants who negotiate and purchase food from producers and suppliers who operate in interstate commerce. There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiffs and other servers who also regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments. There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiffs, and others similarly situated, are employed by Defendant M.J.J., Inc., a covered entity, satisfying the enterprise coverage provisions under the FLSA. Defendant M.J.J., Inc. also satisfies the coverage provisions of the MWHL. As a covered enterprise, Defendant M.J.J., Inc. has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

9.      Defendant Mark Horowitz is, upon information and belief, an officer and owner of Defendant M.J.J., Inc. Defendant Horowitz is and has been actively engaged in the management and direction of employees, including the Plaintiff, at The Suburban House Deli, including the operation of the bar/restaurant and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at The Suburban House Deli, including the Plaintiffs, and has possessed and exercised authority to hire and fire employees, at all material times since the opening of the bar/restaurant. Defendant Horowitz has custody and control of business records and is

responsible for maintaining those records. Defendant Horowitz receives income and/or salary from Defendant M.J.J., Inc. Defendant Horowitz was personally involved in the facts giving rise to this lawsuit, including the refusal of Defendants to pay Plaintiff Danson her last two paychecks. At all times material herein, Defendant Horowitz has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendant Horowitz is jointly and individually liable for damages to the Plaintiffs, and any similarly situated persons who join this litigation, under the FLSA, MWHL, and MWPCL.

10.     Plaintiffs worked as tipped employees at The Suburban House Deli, located in Pikesville, Maryland. This work was performed during the relevant statute of limitations period (within the last three years). For example, Plaintiff Danson worked from January through May 2015. As a server, Plaintiffs took food/beverage orders from guests and served food/beverages to guests. In addition, Plaintiffs provided cleaning and other support tasks. As set forth below, Plaintiffs seek unpaid minimum wages and unpaid overtime wages, in amounts to be determined based on the evidence.

11.     By failing to pay the statutory minimum wage that was due to Plaintiffs, Defendants willfully violated very clear and well-established minimum wage of the FLSA. Plaintiffs further allege that the Defendants violated the minimum wage provisions of the MWHL. In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages owed under the MWHL pursuant to the MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

## General Allegations

12.     Plaintiffs have been employed by the Defendants within the three years preceding the filing of this lawsuit. Plaintiffs may be legally employed in the United States. Plaintiffs attach to this Complaint their written consent to join this case and serve as its named Plaintiffs.

13.     Plaintiffs performed manual work and were non-exempt from the minimum wage and overtime provisions of the FLSA and MWHL.

14.     Defendants violated the FLSA, the MWHL, and MWPCL insofar as it:

(a)     Failed to inform the Plaintiffs, and other similarly situated workers, of the tip credit provisions of 29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419, thereby requiring Defendants to have paid at least $7.25/hour for each of the hours worked by the Plaintiffs, as opposed to $3.63/hour, the lowest rate possible under Maryland Md. Ann. Code LE art. § 3-419;

(b)     Maintained a policy and practice of requiring Plaintiffs and those similarly situated to pay for business losses, such as reimbursement for tabs caused by customer walk-outs, resulting in not just the loss of the ability of the Defendants to take a tip credit, but also resulting in those deductions further driving down the net wage paid to the aforementioned Plaintiffs;

(c)     Failed to properly pay working time over forty hours per week, at a rate no less than 1 ½ times the regular minimum wage. Defendants paid overtime to Plaintiffs and other employees similarly situated at a rate of $5.45/hour, which is less than the mandated minimum overtime wage for servers in the State of Maryland; and

(d)     Failed to make sure that Plaintiffs, and others similarly situated, received tips equal to or exceeding the full minimum wage under Md. Ann. Code LE art. § 3-413.

(e)     In the case of Plaintiff Danson, refused and failed to pay Danson's last two

paychecks. When Danson asked for her final paychecks and brought with her a Suburban House shirt she was assigned, Defendant Horowitz told her that her pay was "months ago" and to "get off my f----- property."

15.     Defendants have violated the rights of the Plaintiffs to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL, and must allow the tipped employees to retain all tips (except in a valid tip pooling arrangement). Additionally, Defendants have not paid Plaintiff Danson any wages for two pay periods.

16.     Defendants were required by the FLSA and the MWHL (29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419 (respectively)), to inform tipped employees, like Plaintiffs, that among other things, that tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay $3.63 an hour to the Plaintiffs (and others similarly situated), an hourly wage which is lower than the requirements of 29 U.S.C. § 206, and half of the minimum wage as set forth in Md. Ann. Code LE art. § 3-413. Defendants failed to allow Plaintiffs, and those similarly situated, to retain all of their tips.

17.     Defendants violated the 29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419 by failing to inform Plaintiffs, and others similarly situated, that it was taking a so-called "tip credit" against Defendants' minimum wage obligations, the amount of the tip credit, or that Plaintiffs (and other tipped workers) had the right to retain all tips except in a valid tip pooling arrangements, or any of the other requirements set out by law. See 29 C.F.R. § 531.59(b).

## Causes of Action

### COUNT I
### (FLSA - Failure to Pay Minimum Wage)
### (Plaintiffs vs. Defendants)

18.     Plaintiffs incorporate paragraphs 1-17 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants have at all material times failed to pay Plaintiffs, and others similarly situated, the proper minimum wage rate, free and clear of deductions and in a timely manner, and otherwise failed to comply with the requirements of 29 U.S.C. § 203(m).

19.     As a result, Plaintiffs, and other similarly situated persons who opt into this lawsuit, have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

### COUNT II
### (FLSA - Failure to Properly Pay Overtime)
### (Plaintiffs v. Defendants)

20.     Plaintiffs incorporates paragraphs 1-19, including subparagraphs, as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiffs, and other similarly situated workers, an overtime wage of at least 1 ½ times the applicable minimum wage of $7.25/hour, for certain statutory work weeks, and as a result, Plaintiffs, and other similarly situated workers, have failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

### COUNT III
### (Maryland Wage/Hour Law - Failure to Pay Minimum Wage)
### (Plaintiffs vs. Defendants)

21.     Plaintiffs incorporate paragraphs 1-20 as set forth above, and state that Defendants'

actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendants have, at all material times, failed to pay Plaintiffs, and other similarly situated workers, a proper minimum wage rate, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE art. § 3-419.

22.     As a result, Plaintiffs, and other similarly situated workers who opt-in into this lawsuit, have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT IV
### (FLSA - Failure to Properly Pay Overtime)
### *(Alternative Count –*
### *Overtime Owed Even If In Compliance With Tip Credit Provisions)*
### (Plaintiffs v. Defendants)

23.     Plaintiffs incorporate paragraphs 1-22 as set forth above, and alternatively plead and state that even if Defendants' actions were in compliance with the tip credit provisions of the FLSA, Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants failed to compensate Plaintiffs, and other similarly situated persons, at a proper overtime rate after application of the so-called tip credit, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage (currently $7.25 an hour), as required by Federal law and applicable Federal regulations.  Under the FLSA, Defendants were required, but failed, to pay Plaintiffs at least $7.26 an hour, for every overtime hour that they worked.

## COUNT V
### (MWHL - Failure to Properly Pay Overtime)
### *(Alternative Count –*
### *Overtime Owed Even If In Compliance With Tip Credit Provisions)*
### (Plaintiffs v. Defendants)

24.     Plaintiffs incorporate paragraphs 1-23 as set forth above, and alternatively plead and state

that even if Defendants' actions were in compliance with the tip credit provisions of the MWHL, Defendants' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendants failed to compensate Plaintiffs at a proper overtime rate after application of the so-called tip credit, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage (currently $8.75 an hour), as required by Maryland law.  Defendants were required, but failed, to pay Plaintiffs, and others similarly situated, at least $7.26 an overtime hour from July 1, 2014 through December 31, 2015; at least $7.63 an overtime hour from January 1, 2015 through June 30, 2015; at least $7.76 an overtime hour from July 1, 2015 through June 30, 2016, and at least $8.01 an overtime hour after July 1, 2016, for every overtime hour that Plaintiffs, and other similarly situated employees worked.

## COUNT VI
### (Violation of MWPCL Act – Unlawful Deductions)
### (Plaintiffs vs. Defendants)

25.     Plaintiffs incorporate paragraphs 1-24 as set forth above, and state that the Plaintiffs, and other similarly situated workers who opt into this lawsuit, are "employees" and Defendants are their "employer" within the meaning of MWPCL, and that pursuant to Section 3-503 of the MWPCL, Defendants are proscribed from taking a deduction from Plaintiffs' wages (which include tips), unless statutorily authorized.  Specifically, Section 3-503 of the MWPCL provides that an employer may not make a deduction from a wage of an employee unless: (1) ordered by a court of competent jurisdiction; (2) authorized expressly in writing by the employee; (3) allowed by the Commissioner because the employee has received full consideration for the deduction; or (4) otherwise made in accordance with any law or any rule or regulation issued by a

governmental unit. Defendants failed to comply with any of the four criteria before taking a deduction Plaintiffs' tipped wages.

26.     As set forth above, Defendants knowingly deducted and withheld portions of Plaintiffs' wages without written authority, without proper notice, and in violation of Maryland law. Specifically, Defendants deliberately and unlawfully diverted significant portions of the tips of Plaintiffs to Defendants' own benefits and otherwise deducted Plaintiffs' lawful wages and earned tips, and unlawfully utilized a tip credit as an excuse to pay Plaintiffs less than the Maryland Minimum Wage.

27.     Defendants' actions, therefore, constitute unlawful and unauthorized deductions from Plaintiffs' wages in violation of Section 3-503 of the MWPCL. Unlawfully deducted wages are, therefore, due and owing to Plaintiffs.

28.     Defendants' unlawful deduction of Plaintiffs' wages were not the result of any bona fide dispute.

**COUNT VII**
**(Violation of MWPCL Act – Unpaid Wages)**
**(Plaintiffs vs. Defendants)**

29.     Plaintiffs incorporate paragraphs 1-28 as set forth above, and state that the actions of Defendants, in refusing to allow Plaintiffs and others similarly situated to retain their tipped wages free and clear, as well as Defendants refusal to pay Plaintiff Danson her last two paychecks, are violations of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

30.     That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages and minimum overtime wages as applicable under the MWHL.

31.     That impliedly, by operation of law, Plaintiffs, and other similarly situated workers, were

entitled to be paid statutory minimum wages by Defendants (and to the extent applicable, overtime wages under Maryland law as of July 1, 2014), which have not been paid following the cessation of Plaintiffs' respective terms of employment.

32.    That there are no bona fide disputes between the parties as to the right of the Plaintiffs to retain their tipped wages and to be paid all lawful wages due arising from their respective employment with Defendants.  Defendants knew, or should have known, that it is a covered entity under the MWHL, and that Plaintiffs performed work as employees for which they were not properly compensated.

33.    Plaintiffs are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages, that have gone unpaid.

## Prayer

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)    Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendants to provide all material contact information, including email addresses, for potential opt-in Plaintiffs who performed work in the "front of the house," as restaurant servers, bartenders, and other personnel receiving less than the full minimum wage ($7.25/hour); (ii) issue appropriate Notices as requested in Plaintiff's Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b)    Order Defendants to pay Plaintiffs (and all similarly situated employees of Defendant

who file an opt-in notice in this litigation), all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), pursuant to the FLSA;

(c)     Order Defendants to pay the Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), an amount equal to triple the amount of unpaid minimum wages owed Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), under the MWHL, after an accounting has been performed, as Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), are entitled to such damages under MWPCL;

(d)     Award Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), their attorneys' fees and costs in pursuing this action;

(e)     Award Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f)     Grant Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), any additional relief that the Court deems appropriate and just.

Respectfully submitted,

_____/s/_____
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiffs

## **Jury Demand**

The Plaintiffs, by their attorney, hereby demands a jury trial as to all issues triable by a

jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman